IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-71-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUAN SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

On December 18, 2023, Juan Soto ("Soto" or "defendant") moved for compassionate release under the First Step Act, Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582). See [D.E. 160]. Soto contends that Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c). See id. at 1. Soto then argues that because he cannot obtain relief under 28 U.S.C. § 2255 concerning his conviction and sentence under 18 U.S.C. § 924(c), the court should grant relief under the First Step Act and vacate his conviction and sentence under 18 U.S.C. § 924(c). See id. at 1-2; cf. [D.E. 123] (denying relief under 28 U.S.C. § 2255).

Hobbs Act robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). See United States v. Singletary, 75 F.4th 416, 427 n.8 (4th Cir. 2023); United States v. Green, 67 F.4th 657, 668–71 (4th Cir. 2023); United States v. Ivey, 60 F.4th 99, 116–17 (4th Cir. 2023); United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Thus, the court rejects Soto's argument.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 160].

SO ORDERED. This 24 day of July, 2025.

JAMES C. DEVER III
United States District Judge